In re Adam E. BRIDGE, Esq.

[724 A.2d 462]

No. 98-465

December 10, 1998. Pursuant to the recommendation of the Professional Conduct Board filed October 9, 1998, and approval thereof, it is hereby ordered that Adam E. Bridge, Esq. be publicly reprimanded for the reasons set forth in the Board's report attached hereto for publication as part of the order of this Court. A.O. 9, Rule 8E.

## FINAL REPORT TO THE SUPREME COURT

This matter was submitted to us by stipulated facts which we accept and adopt as our own by reference. We have considered the oral arguments and the written memorandum of law submitted by each party. Based upon all of the information so presented, we conclude that respondent violated DR 7-102(A)(5) by knowingly making false statements of fact to a court.

This is not minor misconduct, and we are therefore compelled to recommend to the Court that a public sanction be imposed. However, because of respondent's exemplary conduct after making the false statement, we are persuaded that no sanction greater than a public reprimand should be imposed.

The facts which bring us to this conclusion are briefly summarized here.

Respondent was admitted to the Vermont Bar in 1989. In June of 1996, while riding in a car driven by his close personal friend, the car was stopped by the police. Respondent's friend was cited for driving under the influence of alcohol. She was directed to appear at district court to be arraigned on this charge.

In an effort to be supportive, respondent accompanied her to the arraignment. At this time, respondent was employed as an assistant attorney general, assigned to one of the departments located in Waterbury, and had been so employed for nearly two years. When the case was called, respondent went to the defense table with his friend, introduced himself, and asked permission to represent her at the arraignment.

Assistant attorneys general, in light of their public employment, are not allowed to represent private clients unless the Attorney General gives permission in a

particular case. The presiding judge inquired as to how it was that an assistant attorney general was representing a private client. Respondent explained that private representation was not allowed unless the Attorney General gave his permission for such representation in a particular case. Respondent then stated that his appearance in the instant case had been discussed in the office, implying that he had been granted permission to make the appearance.

This was not true. Respondent had not requested or been given permission to represent his friend. He nevertheless allowed the court to believe that he had received such permission and did not correct the misrepresentation. Although not premeditated, the misrepresentation to the court was done knowingly and intentionally.

Upon further inquiry, the court determined that respondent had been a passenger in the car and thus a potential witness in the case. The judge suggested to respondent that in such circumstances he might not want to proceed as counsel. Respondent agreed and took no further part in the arraignment.

Later that day, respondent informed his immediate supervisor of what he had done. The Attorney General was informed. He demanded and received respondent's resignation that day. Also on that day, respondent telephoned the presiding judge, confessed to the misrepresentation, and apologized for his misconduct. Within the week, respondent sent a letter to this Board reporting his misconduct.

We conclude, as stipulated by the parties, that respondent violated DR 7-102(A)(5). We are also persuaded by the ABA Standards for Imposing Lawyer Discipline, the dictates of Administrative Order 9, and the precedent of the decision in *In re Lancaster*, Docket No. 94.60 (June 29, 1997), that imposition of a public reprimand is required here. It is serious misconduct to make a knowing misrepresentation to the court, regardless of the motive for doing so. A private admonition, which respondent hoped for here, is not possible in such a situation. A.O. 9, Rule 7(A)(5)(b).

The many mitigating circumstances present here compel us to conclude that no greater sanction than a reprimand is required. What apparently began as a gallant effort to provide protection and support to a loved one deteriorated into professional misconduct with severe professional, personal and financial repercussions. Respondent lost his job and lost financing on a house he had intended to buy. He eventually left the state of Vermont and is no longer practicing law. Respondent found his ethical lapse to be humiliating. He has no history of any other ethical complaints. He appears to be a good attorney who exercised bad judgment in an isolated instance.

Ironically, everything respondent did after his misrepresentation to the court was admirable. He immediately confessed his error to his employer, to the judge, and the profession by reporting himself promptly to bar counsel. He co-operated fully with bar counsel and has endured a lengthy time for this matter to be finally resolved. He sincerely regrets this mistake. There is no reason to believe that this misconduct will ever be repeated.

Accordingly, we recommend that a reprimand be imposed.